IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COMMUNITY CORRECTIONAL CORPORATION,** ) <br> ) <br> **Plaintiff**, ) <br> ) <br> v. ) <br> ) <br> **CORRECTIONS CORPORATION OF** ) <br> **AMERICA,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | CV F 04-5112 AWI LJO <br><br> **ORDER REQUIRING PLAINTIFF TO FILE A STATUS CONFERENCE WITHIN SIXTY DAYS** <br><br> **ORDER GRANTING MOTION AND CONTINUING ORDER TO SHOW CAUSE FOR SIXTY DAYS** <br><br> (Document #10) |

  On January 16, 2004, Defendant removed this action to this court. On February 6, 2004, the court granted the parties' stipulation to stay this action. On January 5, 2007, the Clerk of the Court issued a minute order setting a February 20, 2007 hearing date to determine if this action should be dismissed for lack of prosecution. The order stated any opposition to dismissal was to be filed five court days prior to the hearing, which was February 12, 2007. No opposition was timely filed. The case was called during the court's afternoon calender on February 20, 2007, but no party appeared.

  However, on February 13, 2007, Plaintiff filed a document requesting the court continue the hearing on the dismissal for lack of prosecution. Plaintiff states that since this action was stayed, Plaintiff and Defendant have been working toward settlement. Plaintiff states that it will take about sixty more days for the terms of the settlement to be completed, and at that time the

1  parties will voluntarily dismiss this action.

2  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9thCir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

At this time, the court will continue the order to show cause for sixty days.  Plaintiff has provided evidence to the court that, while nothing has been filed in this court, this action has been proceeding informally.   However, the court will not indefinately stay this action.   Plaintiff must file a notice of dismissal or status report regarding this action within sixty days.

Accordingly, the court ORDERS that:

1. Plaintiff's motion to continue the dismissal is GRANTED;
2. The order to show cause is CONTINUED for sixty days;
3. Within sixty days, Plaintiff SHALL file a notice of dismissal or status report, updating the court on this action;
4. Plaintiff is forewarned that failure to file a notice or status report will result in this action's dismissal for lack of prosecution.

IT IS SO ORDERED.

**Dated:   February 21, 2007**              **/s/ Anthony W. Ishii**
0m8i78                             UNITED STATES DISTRICT JUDGE

2